**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TEOMAN GURSON; and GURSON GULSON, aka Gulson Gurson, | No. 16-72991 |
| Petitioners, | Agency No. A098-263-632 |
| v. | MEMORANDUM* |
| MATTHEW G. WHITAKER, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 15, 2018**
San Francisco, California

Before: GRABER, THACKER,*** and BENNETT, Circuit Judges.

Petitioners Teoman Gurson and Gulson Gurson seek review of the Board of

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Stephanie Dawn Thacker, United States Circuit Judge for the Fourth Circuit, sitting by designation.

Immigration Appeals' ("BIA") decision denying their motion to reopen removal proceedings to pursue asylum, withholding of removal, and Convention Against Torture ("CAT") relief. We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition.

The BIA did not abuse its discretion in denying Petitioners' second motion to reopen. Ordinarily, "a party may file only one motion to reopen deportation or exclusion proceedings . . . and that motion must be filed no later than 90 days after the date on which the final administrative decision was rendered." 8 C.F.R. § 1003.2(c)(2). A statutory exception to the time and number bars is available if the petitioner presents evidence that is "material and was not available and could not have been discovered or presented at the previous hearing." *Id.* § 1003.2(c)(3)(ii).

Petitioners' second motion to reopen is untimely, and they have failed to demonstrate a material change of conditions in Turkey that would entitle them to the statutory exception. The publication of our denial of Petitioners' asylum application is not material to the application for relief because Petitioners have not demonstrated that the publication increased their risk of harm in Turkey. Nor are the articles attached to the motion material to their application for relief. While these articles demonstrate general radicalization and violence against women in Turkey, it was within the BIA's "broad discretion" to hold that these articles are insufficient to show

that reopening is warranted in this case. *See Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (quoting *INS v. Doherty*, 502 U.S. 314, 323 (1992)).

**Petition DENIED.**